IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

WILLIE D SOLOMON,

    Plaintiff,

v.                                    CASE NO. 5:11-CV-308-MP-GRJ

J L MANUEL,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion to Intercede. (Doc. 1.) From a review of the motion to intercede, it is evident that the Court lacks subject matter jurisdiction over the claim. Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, this Court may, *sua sponte*, dismiss an action if it determines that it lacks subject matter jurisdiction. Accordingly, it is respectfully **RECOMMENDED** that this case should be **DISMISSED**.

Plaintiff, an inmate at Holmes Correctional Institution, requests this Court to intervene in state court civil proceedings initiated by Plaintiff on June 7, 2011 in the Circuit Court for the Fourteenth Judicial Circuit in and for Holmes County, Florida. Plaintiff's state suit alleges civil rights violations against numerous correctional officers. The state court proceedings were pending at the time Plaintiff filed the instant motion (Doc. 1) and it appears that he is awaiting a ruling on the Defendants' motion to dismiss by the state court. Plaintiff requests that this Court "intercede where the Plaintiff has clearly showed that the Defendants are violating his constitutional rights both state and federal and where the lower court has fail to act properly." Plaintiff asks the Court to

order the trial court to rule in his favor. (Doc. 1, p. 6). Plaintiff also appears to seek an injunction against Defendant J L Manuel from entering Holmes Correctional Institution as long as Plaintiff is incarcerated there.

This Court does not have appellate or certiorari jurisdiction to review state court proceedings. *See District of Columbia Ct. Of Appeals v. Feldman,* 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16 (1923). Furthermore, in the interests of comity, federal courts abstain from becoming involved in the state court proceeding with few exceptions. "Proper respect for the ability of state courts to resolve federal questions presented in state-court litigation mandates that the federal court stay its hand." *Pennzoil v. Texaco, Inc.,* 481 U.S. 1, 14 (1987); *see also Younger v. Harris,* 401 U.S. 37 (1971).

Moreover, this Court does not have jurisdiction to grant mandamus relief. Federal mandamus is only available "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361; *see also Bailey v. Silberman,* 226 Fed. Appx. 922, 924 (11th Cir. 2007). "[A] federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, DeKalb County Superior Court*, 474 F. 2d 1275, 1276 (5th Cir. 1973). In essence, Plaintiff is requesting that this Court issue a writ of mandamus directing the state court to rule in his favor. The only Defendant Plaintiff names is state correctional officer J L Manuel, and even if Plaintiff amended to add the lower state court judicial officers to his pleading, this Court would still lack jurisdiction to grant the relief Plaintiff requests because none of the Defendants are officers or employees of

the United States or any agency thereof.

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED**, *sua sponte*, by the Court for lack of subject matter jurisdiction, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure and for failure to state a cause of action.

**IN CHAMBERS** at Gainesville, Florida this 4th day of October 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**
A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.